IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ARLING OLSON,

                                                                                                         ORDER

                    Plaintiff,

                                                                                                       10-cv-199-bbc

    v.

TIMOTHY MOORE,
in his individual capacity,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Timothy Moore has filed a motion for reconsideration of a portion of the order on summary judgment in which I concluded that plaintiff may proceed to trial on his claim that defendant retaliated against him by conducting an internal investigation of him and then urging the district attorney in multiple letters to charge him with perjury and obstruction of justice. In particular, I concluded that a reasonable jury could find that defendant took these actions because plaintiff made statements in court and to state investigators that implicated defendant in potential criminal wrongdoing. Dkt. #47.

      In his motion, defendant argues that plaintiff did not identify his involvement in the criminal investigation as protected speech until his brief in opposition to the summary

1

judgment motion. In addition, defendant argues that plaintiff's speech to the investigators was not protected under Garcetti v. Ceballos, 547 U.S. 410 (2006), and that defendant is entitled to qualified immunity on this claim. Dkt. #48.

Unfortunately for defendant, these arguments come too late, as he should have realized from the discussion of this claim in the summary judgment opinion:

> Although the focus of plaintiff's complaint was alleged retaliation for opposing defendant in the sheriff's election, plaintiff argues in his brief that defendant's "hostility was generated . . . by [plaintiff's] participation in the investigations of Sheriff Moore," which "was protected expression under the First Amendment." Plt.'s Br., dkt. #34, at 12 (citing Givhan v. Western Line Consolidated School District, 439 U.S. 410 (1979)). See also Fairley, 578 F.3d 518, 524-25 (testifying in court protected by First Amendment); Delgado v. Jones, 282 F.3d 511, 517 (7th Cir. 2002) (participation in investigation of official misconduct may be protected by First Amendment). In his reply brief, defendant does not argue that plaintiff failed to give him adequate notice of this issue or that plaintiff's statements were outside the protection of the First Amendment because they were part of his job responsibilities, Garcetti v. Ceballos, 547 U.S. 410 (2006), or for any other reason. Accordingly, I conclude that defendant has waived those arguments for the purpose of summary judgment.

Dkt. #47, at 29-30.

The pleading requirements of Rule 8 are not jurisdictional, so they may be waived. Schnellbaecher v. Baskin Clothing Co., 887 F.2d 124, 126 (7th Cir. 1989) (if "requirement is not jurisdictional, . . . it is subject to waiver, estoppel, and equitable tolling"). Cf. Fed. R. Civ. P. 15(b) ("When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings."); Westefer

v. Snyder, 422 F.3d 570, 584 (7th Cir. 2005) ("[A] defense of waiver may itself be waived if not raised."). Therefore, if defendant believed that plaintiff was raising new issues in his summary judgment materials, defendant should have objected in his reply brief. If defendant believes he is entitled to judgment as a matter of law under Garcetti or the doctrine of qualified immunity, he may file a motion under Fed. R. Civ. P. 50 at the appropriate time.

ORDER

IT IS ORDERED that defendant Timothy Moore's motion for reconsideration, dkt. #48, is DENIED.

Entered this 13th day of April, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3