IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ARLING OLSON,

                                             SPECIAL VERDICT:
                                             LIABILITY

            Plaintiff,

                                             10-cv-199-bbc

  v.

TIMOTHY MOORE,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      We, the jury, for our special verdict, do find as follows:

      <u>Question No. 1:</u> Has plaintiff Arling Olson proven by a preponderance of the evidence that his campaign for sheriff in 2006 against defendant Timothy Moore was one of the reasons that defendant Moore took either or both of the following actions:

a. Conducted a baseless internal investigation against plaintiff?    **NO**

                                                                (Yes or **No**)

1

b. Recommended plaintiff for criminal prosecution? _____No_____

(Yes or (No))

Answer Question No. 2.

Question No. 2:   Was plaintiff Olson's participation in the criminal investigations against defendant Moore one of the reasons that defendant took either or both of the following actions:

a. Conducted a baseless internal investigation against plaintiff? _____Yes_____

((Yes) or No)

b. Recommended plaintiff for criminal prosecution? _____Yes_____

((Yes) or No)

If your answer to each part of Questions No. 1 and 2 are "no," do not answer any more questions. If your answer to Question No. 1(a) *or* Question No. 2(a) was "yes," answer Question No. 3. If your answer to Question No. 1(a) *and* Question No. 2(a) was "no," but your answer to Question No. 1(b) *or* 2(b) was "yes," do not answer Question No. 3 and proceed to Question No. 5.

2

Question No. 3: Has defendant Moore proven by a preponderance of the evidence that he would have conducted an internal investigation of plaintiff Olson even if plaintiff had not engaged in the conduct described in Question No. 1 and Question No. 2?

Answer: __No__

(Yes or **No**)

If your answer to Question No. 3 was "no," answer Question No. 4. If your answer to Question No. 3 was "yes," do not answer Question No. 4 and proceed to Question No. 5.

Question No. 4: Has plaintiff Olson proven by a preponderance of the evidence that defendant Moore's internal investigation of plaintiff would be likely to deter a person of ordinary firmness from speaking out on other matters in the future?

Answer: __Yes__

(**Yes** or No)

3

Instructions for Question No. 5:

If your answer to Question No. 1(b) *or* Question No. 2(b) was "yes," answer Question No. 5. If your answer to Question No. 1(b) *and* Question No. 2(b) was "no," do not answer any more questions.

Question No. 5: Has defendant Moore proven by a preponderance of the evidence that he would have recommended plaintiff for criminal prosecution even if plaintiff had not engaged in the conduct described in Question No. 1 and Question No. 2?

Answer: __NO__
(Yes or (No))

If your answer to Question No. 5 was "no," answer Question No. 6. If your answer to Question No. 5 was "yes," do not answer any more questions.

Question No. 6: Has plaintiff Olson proven by a preponderance of the evidence that defendant Moore's recommendation to prosecute plaintiff would be likely to deter a person of ordinary firmness from speaking out on other matters in the future?

Answer: __NO__
(Yes or (No))

4

If your answer to Question No. 6 was "yes," answer Question No. 7. If your answer to Question No. 6 was "no," do not answer any more questions.

<u>Question No. 7</u>: Has plaintiff Olson proven by a preponderance of the evidence that a decision to prosecute plaintiff was a reasonably foreseeable consequence of defendant Moore's recommendation to prosecute plaintiff?

Answer: _____

(Yes or No)

_____
Presiding Juror

Madison, Wisconsin
Dated this __23__ day of June, 2011

6