III. DAMAGES

General

The party asking for damages has the burden of convincing you, by the preponderance of the evidence, both that he or she has been injured or damaged and the amount of the damages. The party seeking damages need not produce evidence that is as exact as the evidence needed to support findings on other questions in the verdict. Determining damages involves the consideration of many different factors that cannot be measured precisely. In determining the damages you must base your answer on evidence that reasonably supports your determination of damages under all of the circumstances of the case. You should award as damages the amount of money that you find fairly and reasonably compensates the named party for his or her injuries.

Do not measure damages by what the lawyers ask for in their arguments. Their opinions as to what damages should be awarded should not influence you unless their opinions are supported by the evidence. It is your job to determine the amount of the damages sustained from the evidence you have seen and heard. Examine that evidence carefully and impartially. Do not add to the damage award or subtract anything from it because of sympathy to one side or because of hostility to one side.

Compensatory Damages

In answering Question No. 1, you must determine the amount of money that will fairly compensate plaintiff Olson for any injury that you find he sustained as a result of defendant Moore's internal investigation. These are called "compensatory damages."

Plaintiff Olson must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include

1

both the physical and mental aspects of injury, even if these are not easy to measure. You should consider the physical, mental and emotional pain and suffering that plaintiff Olson has experienced. No evidence of the dollar value of physical, mental or emotional pain and suffering has been or needs to be introduced.

In determining how much money will fairly and reasonably compensate plaintiff for past pain and suffering, you should consider any pain and suffering, mental anguish and apprehension, sorrow and anxiety plaintiff has endured from the time of the incident up to the present time. There is no exact standard for deciding how much to award plaintiff for these damages. Your award should be fair and just in the light of the evidence.

### Punitive Damages

Question No. 2 asks whether defendant's conduct demonstrated a willful or reckless disregard for the law. If you answer "yes" to Question No. 2, you may award punitive damages in Question No. 3.

Punitive damages are never a matter of right. This means that you are not required to make any award of punitive damages, but you may do so if you think it is proper under the circumstances. It is in the jury's discretion to award or withhold them.

Punitive damages may be awarded even if the violation of plaintiff's rights resulted in only nominal compensatory damages. That is, you may award punitive damages even if the plaintiff can show no damages or other injury as a result of a defendant's actions.

The purposes of punitive damages are to punish the defendant for his conduct and to serve as an example or warning to the defendant and others not to engage in similar conduct in the future. Plaintiff Olson must prove by a preponderance of the evidence that punitive damages should be assessed against defendant.

You may assess punitive damages only if you find that a defendant's conduct was

in reckless disregard of plaintiff's rights. An action is in reckless disregard of plaintiff's rights if under the circumstances, it reflects complete indifference to plaintiff's safety or rights. If you find that defendant's conduct was motivated by evil motive or intent, such as ill will or spite or grudge either toward plaintiff individually or toward all persons such as plaintiff, then you may find that the defendant deliberately violated the plaintiff's rights. In addition, if the defendant was in a position in which he certainly should have known that his conduct would violate the plaintiff's rights, and proceeded to act in disregard of that knowledge and of the harm or the risk of harm that would result to the plaintiff, then he acted with reckless disregard for the plaintiff's rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of defendant's conduct;
- the impact of a defendant's conduct on plaintiff;
- the relationship between the plaintiff and defendant;
- the likelihood that defendant would repeat the conduct if an award of punitive damages is not made;
- defendant's financial condition; and
- the relationship of any award of punitive damages to the amount of actual harm the plaintiff suffered.